**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **REV. NOLAND MCKENZIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **No. 08-2510-KHV** |
| ) | |
| **SEARS, ROEBUCK AND COMPANY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Reverand Noland McKenzie filed suit pro se in state court against Sears, Roebuck and Company, Inc. for "telephone harassment, . . . discontinuance of his credit account[,] negligence . . . and breach of agreement." Petition at 1, attached to Notice Of Removal (Doc. #1) filed October 14, 2008. Defendant removed the case to this Court and asserted a counterclaim to recover $6,474.81 on plaintiff's credit card account. See id.; Defendant's Answer, Affirmative Defenses And Counterclaim (Doc. #3) filed October 21, 2008. This matter comes before the Court on a letter from plaintiff dated December 9, 2008 which the Court construes as a motion to dismiss without prejudice. See Doc. #16 filed December 15, 2008.

Plaintiff seeks relief as follows:

> \* \* \*
>
> I am writing you to request permission to file a Motion to Dismiss Without Prejudice my case. Given that I am financially strapped, I would appreciate a small settlement, along with the dismissal of my case. If not, I would like to dismiss the case without prejudice.

Id.[1]  As an initial matter, absent proof that plaintiff is entitled to judgment as a matter of law on his

---

[1] The first paragraph of plaintiff's letter does not appear to relate to this case. It states as follows:

(continued...)

claims, the Court lacks authority to order defendant to pay plaintiff a "small settlement" or any other compensation on his claims. Plaintiff provides no facts or legal authority which suggests that he is entitled to summary judgment. Accordingly, the Court will not enter judgment in favor of plaintiff at this time.

Plaintiff asks the Court to dismiss the case without prejudice. Under Rule 41(a)(1), Fed. R. Civ. P., plaintiff may voluntarily dismiss a case without prejudice without court order by (1) filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or (2) filing a stipulation of dismissal signed by all parties who have appeared in the case. See Rule 41(a)(1), Fed. R. Civ. P.[2] Defendant has already answered and objects to

---

[1](...continued)
   This case was originally filed against University of Kansas Medical Center, but "University of Kansas Hospital Authority" is the proper title for the Defendant.
Id. The University of Kansas Medical Center and University of Kansas Hospital Authority are not parties in this case and plaintiff's claims do not relate to either entity. The subject line of the letter refers to this case, however, and plaintiff copied the letter to defense counsel in this case. Accordingly, the Court assumes that plaintiff intended to file the letter in this case.

   [2]   Rule 41(a) states as follows:
   (a) VOLUNTARY DISMISSAL.
      (1) By the Plaintiff.
         (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
            (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
            (ii) a stipulation of dismissal signed by all parties who have appeared.
         (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
      (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action
                                                                        (continued...)

dismissal.  See Defendant's Response To Plaintiff's Motion To Dismiss (Doc. #19) filed January 8, 2009.[3]  Accordingly, plaintiff cannot dismiss the case without prejudice under Rule 41(a)(1).

Pursuant to Rule 41(a)(2), Fed. R. Civ. P., the Court may dismiss the action at plaintiff's request on terms that the Court considers proper.  See Rule 41(a)(2), Fed. R. Civ. P.  Where defendant has filed a counterclaim and objects to dismissal, the Court may dismiss the case "only if the counterclaim can remain pending for independent adjudication."  Id.  The parties have not briefed whether the Court can retain jurisdiction over defendant's counterclaim.  If the counterclaim is compulsory, i.e. if it arises out of the same transaction or occurrence as plaintiff's claims, the Court could retain supplemental jurisdiction under 28 U.S.C. § 1367(a).[4]  See 9 Charles Alan Wright

---

[2](...continued)
may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
Rule 41(a), Fed. R. Civ. P.

[3]  Defendant does not object to dismissal with prejudice.  See id. at 1.  If plaintiff agrees to dismiss the case with prejudice, the parties can file a stipulation of dismissal to that effect under Rule 41(a)(1)(A)(ii).

[4]  Section 1367 states as follows:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made

(continued...)

& Arthur R. Miller, Federal Practice & Procedure § 2365 (3d ed. 2009).  A counterclaim is compulsory if (1) the issues of fact and law raised by the principal claim and counterclaim are largely the same; (2) res judicata would bar a subsequent suit on the counterclaim; (3) the same evidence supports or refutes the principal claim and the counterclaim; and (4) a logical relationship exists between the claim and counterclaim.  See FDIC v. Hulsey, 22 F.3d 1472, 1487 (10th Cir. 1994).

For purposes Section 1367, on this record, it is not clear whether defendant's counterclaim arises out of the same transaction as plaintiff's claims.  The Court, however, need not address the issue.  Even if the counterclaim is compulsory and could remain pending, the Court would not dismiss plaintiff's claims without prejudice.  In deciding whether to dismiss a case without prejudice under Rule 41(a)(2), the Court exercises discretion and considers the purposes behind the rule: to

---

[4](...continued)
parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
28 U.S.C.A. § 1367.

prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996); Am. Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). Absent "legal prejudice" to defendant, the Court ordinarily should grant dismissal. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). In determining whether defendant will suffer legal prejudice, the Court considers the following factors: (1) defendant's effort and expense in defending the case; (2) excessive delay and lack of diligence by plaintiff; and (3) insufficient explanation for the need to take a dismissal. See id. These factors are guides for the Court and are not exhaustive. See id. The Court may also consider the present stage of litigation and any other relevant factors. See id.; Phillips USA, 77 F.3d at 358. The Court need not resolve each factor in favor of plaintiff to warrant dismissal, or each factor in favor of defendant to warrant denial of the motion. See Ohlander, 114 F.3d at 1537.

Considering the relevant factors, the Court finds it inappropriate to dismiss plaintiff's claims without prejudice. As to the first factor, defendant has expended substantial effort and expense in defending the case. Among other things, it has removed the case to this Court, filed an answer and counterclaim, responded to several motions filed by plaintiff, deposed plaintiff and filed a motion for summary judgment.[5] Plaintiff proposes no curative conditions to protect against defendant having to repeat its efforts if plaintiff re-files the case. This factor weighs against dismissal.

As to the second factor, the record contains no suggestion of excessive delay or lack of diligence by plaintiff. This factor weighs in favor of dismissal.

---

[5] The Court notes that some of these acts, including plaintiff's deposition and the motion for summary judgment, occurred after plaintiff filed his motion to dismiss.

As to the third factor, plaintiff has not sufficiently explained the need for dismissal. Other than stating that he is "financially strapped" and "would appreciate a small settlement," plaintiff does not state whether his financial circumstances have materially changed since the time he filed suit, or how any change in his financial situation might impair his ability to prosecute his claims in this case. This factor weighs against dismissal.

In light of these factors, the Court finds that dismissing plaintiff's claims without prejudice would result in legal prejudice to defendant. Accordingly, the Court will not dismiss plaintiff's claims at this time.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss without prejudice (Doc. #16) filed December 15, 2008 be and hereby is **OVERRULED.**

Dated this 18th day of June, 2009 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge