IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REV. NOLAN McKENZIE,

    Plaintiff,

v.                                  Case No. 08-2510-KHV

CITIBANK (SOUTH DAKOTA),
NA,

    Defendant.

## ORDER

On April 14, 2009, the Court entered an order sustaining the Motion for Sanctions of Defendant Citibank (South Dakota), NA against *pro se* Plaintiff based upon his failure to appear at his deposition on February 23, 2009. The Order directed Defendant to file a memorandum of its reasonable time, costs, and expenses incurred in pursuing the aborted deposition of Plaintiff and gave Plaintiff a deadline for filing any opposing memorandum. Defendant filed its Verified Memorandum of Reasonable Time, Costs and Expenses on April 28, 2009 (doc. 31), requesting that the Court tax costs and expenses of $93.68 against Plaintiff and award its attorney's fees in the amount of $655.00.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits a court, on motion, to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Sanctions for failing to appear for deposition may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's

fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[1]

In this case, the Court finds Plaintiff's failure to attend his noticed deposition on February 23, 2009 was not substantially justified nor are there other circumstances that would make an award of expenses unjust. The correspondence between counsel for Defendant and Plaintiff preceding the deposition shows that Plaintiff was aware of the deposition. Plaintiff failed to notify Defendant's counsel that he was not going to appear for his deposition. By the tone of Plaintiff's email correspondence preceding the deposition, it appears that the failure to attend his deposition was intentional and willful.

Upon review of Defendant's Verified Memorandum of Reasonable Time, Costs and Expenses, the Court finds that Defendant's claim for $93.68 in expenses for postage and court reporter fees is reasonable, but does not find the total claimed amount of $655.00 for attorney and paralegal time to be reasonable. The Court finds the time counsel spent waiting for Plaintiff to arrive at the deposition to be reasonably included in the sanctions amount. By the Court's estimate, this time amounts to approximately 40 minutes. The attempted deposition was set to take place at 10:00 a.m. and the deposition transcript shows that the attempted deposition concluded at 10:36 a.m. The deposition was to take place at the law offices of Defendant's counsel, so counsel was not required to expend time traveling to the

---

[1] Fed. R. Civ. P. 37(d)(3).

deposition location. Finally, the Court excludes counsel's time spent in preparation for the deposition from the sanctions amount.

IT IS THEREFORE ORDERED THAT Plaintiff is hereby sanctioned in the amount of $93.68 as expenses and $100.00 for attorney's fees, for a total of $193.68, pursuant to the Order of April 14, 2009. **Within ninety (90) days of the date of this Order**, Plaintiff shall pay to Defendant and its attorneys the sum of $193.68 for his failure to appear for his noticed deposition on February 23, 2009, and shall file with the Court a receipt or affidavit to show that such payment has been made.

IT IS SO ORDERED.

Dated this 1st day of September 2009, at Kansas City, Kansas.

> s/ Gerald L. Rushfelt
> Gerald L. Rushfelt
> U.S. Magistrate Judge

cc:   All counsel and *pro se* parties