hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REV. NOLAN MCKENZIE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITIBANK (SOUTH DAKOTA), NA )<br>)<br>)<br>Defendant. )<br>_____) | Case No. 08-02510-JAR |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter comes before the Court on plaintiff Reverend Nolan McKenzie's Motion to Amend First Amended Petition (Doc. 67) and Motion to Amend Fraud Action (Doc. 68). Additionally, the Court construes plaintiff's September 23, 2009 letter (Doc. 65) as a renewed request to move the trial date, and construes plaintiff's October 7, 2009 letter (Doc. 70) as a renewed request for mediation. Defendant filed a response (Doc. 74), opposing plaintiff's motions to amend and request to mediate. Plaintiff filed a reply (Doc. 76), and on November 10, 2009, plaintiff filed yet another Motion for Second Amended Petition (Doc. 75), listing new claims for relief arising out of new facts.[1] Finally, plaintiff filed a Motion for Additional Damages Sustained (Doc. 69), which the Court construes as a motion for reconsideration of Magistrate Judge Gerald Rushfelt's September 1, 2009 order imposing sanctions against plaintiff (Docs. 30, 48). This case is currently set on the Court's January 26, 2010 civil trial calendar and there is a Motion for Summary Judgment (Doc. 32) pending on all claims and counterclaims in

---

[1] Defendant responded (Doc. 77), opposing amendments adding new claims this late in the case.

this case.

**I.      Motions to Amend the Complaint**

Plaintiff seeks to add a claim for defamation, seeking $5,000 in damages.[2]  He also seeks to add claims for fraud, misrepresentation, intentional misrepresentation, and actual fraud, claiming damages of $1,000,000.[3]  Plaintiff appears to seek joinder of additional parties, including defendant's CEO, owners, vice president, and board of directors, and defense counsel's staff at Bryan Cave LLP.[4]  Finally, plaintiff seeks to add claims for breach of warranty on three household appliances purchased in September 2009, claiming $100,000 for fraud, $50,000 for failure to send someone to repair the appliances, $50,000 for failure to inform plaintiff of damages at the time of delivery, $50,000 for a claim under the Americans with Disabilities Act, $100,000 for damages to the kitchen, and $50,000 for inconvenience caused by the need to make repairs, against Sears Roebuck and Company, Inc. located in Overland Park, Kansas.[5]

First, the Court notes that plaintiff seeks to add claims and another defendant irrelevant to the present lawsuit.  In his third motion, plaintiff recites facts arising on or around September 13, 2009, allegedly relating to faulty appliances, and asks to join Sears Roebuck and Company, Inc. as a defendant.[6]  However, these matters are beyond the scope of the present lawsuit.  Plaintiff

---

[2](Doc. 67.)

[3](Doc. 68.)

[4](Doc. 68 at 1.)

[5](Doc. 75.)

[6]Plaintiff asks Sears Roebuck and Company, Inc. to "plead and appear in court on January 26, 2010. . . . It was the Plaintiff's intention to purchase large appliances from Defendant Sears Roebuck and Company, Inc. from out of a habit that will not occur any more."  (Doc. 75 at 4.)  He adds, "Plaintiff reminds the court that Defendant

2

filed this lawsuit against Sears Roebuck and Company, Inc., but asked that the defendant be renamed as Citibank (South Dakota), N.A.[7] Plaintiff's claims are based on a contract with defendant to extend credit, under certain terms and conditions, which defendant discontinued. Plaintiff now seeks to bring Sears Roebuck and Company, Inc., into the lawsuit for breach of warranty on recent purchases made by plaintiff on or around September 13, 2009, and also seeks damages for disability discrimination under the Americans with Disabilities Act.

"If a proposed amendment would add additional parties to the litigation, the Court must also consider Federal Rule of Civil Procedure 20, which governs permissive joinder."[8] Fed. R. Civ. P. 20(a)(2) states,

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.[9]

---

Sears Roebuck and Company, Inc. is a subsidiary of the Citibank (South Dakota) N.A., presently in court proceedings under the above case number . . ." (Doc. 75 at 3.) Defendant Citibank has disclosed that it is a wholly owned subsidiary of Citigroup Inc., which is a publicly traded corporation. (Doc. 4.) Furthermore, in its response, defendant clarified that Sears Roebuck is not a subsidiary of Citibank. (Doc. 77 at 3.) Citibank is part of the lawsuit due to plaintiff's claims regarding his credit card account. Even if there was a parent-subsidiary relationship between Sears Roebuck and Citibank, which the Court does not find to be the case, they would still be separate parties. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.") (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)).

[7](Doc. 1 Attach. 1.) The Court notes that, although plaintiff's original complaint was filed against "Sears Roebuck and Company, Inc.," plaintiff later asked the Court to change the name of the defendant to Citibank (South Dakota), N.A. (Docs. 15, 23.) Citibank USA, National Association acquired the Sears credit card accounts, and Citibank (South Dakota), N.A. is the successor in interest to Citibank USA, National Association. (Doc. 23 at 2.)

[8]*Lover v. District of Columbia*, 248 F.R.D. 319, 322–23 (D.D.C. 2008) (citing *Robinson v. Gillespie*, 219 F.R.D. 179, 188 (D. Kan. 2003)).

[9]Fed. R. Civ. P. 20(a)(2).

3

The Court notes that plaintiff's claims for breach of warranty and disability discrimination do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as underlie this lawsuit, and the claims plaintiff raises against Sears Roebuck are not relevant to the present lawsuit. Plaintiff has presented no facts showing that these new claims against Sears Roebuck have any relationship to plaintiff's claims for telephone harassment, breach of agreement, negligence, and discontinuance of his credit card against defendant Citibank (South Dakota) NA. The Court declines to expand the scope of this lawsuit six months after the close of discovery,[10] eight months after the period permitted for motions to amend or join parties,[11] and less than two months before trial, while a motion for summary judgment is pending before this Court.

Furthermore, plaintiff has not provided sufficient facts warranting leave to add claims against the present defendant. Although plaintiff seeks leave to amend his Complaint to add claims and additional damages, the Pretrial Order entered July 10, 2009,[12] supersedes all pleadings and controls the subsequent course of the case.[13] "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[14] Accordingly, the Pretrial Order supersedes the Amended

---

[10]Discovery was completed April 16, 2009. (Doc. 46 at 12.)

[11]Motions to join additional parties or to otherwise amend the pleadings were due February 2, 2009. (Doc. 20 at 2.) The Pretrial Order, entered on July 10, 2009, provided no additional time for amendments to the pleadings. (Doc. 46 at 12.)

[12](Doc. 46.)

[13]*See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

[14]*Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987)); Fed. R. Civ. P. 16(e).

Complaint, and the Court analyzes plaintiff's motion as a motion to amend the Pretrial Order.

Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order "may be modified 'only to prevent manifest injustice.'"[15] "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[16] "The purpose of the pretrial order is to 'insure the economical and efficient trial of every case on its merits without chance or surprise."[17] The decision to modify the pretrial order lies within the trial court's discretion.[18] In exercising that discretion, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[19] In applying these factors, the paramount concern must be to assure "the full and fair litigation of claims."[20] "[T]he timing of the motion [to amend] in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise."[21]

The Court first notes that plaintiff did not act in a timely manner in seeking to assert additional claims, add damages, or join additional parties. Plaintiff's pro se status does not

---

[15] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[16] *Id.* at 1208.

[17] *Id.* (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)).

[18] *Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citations omitted).

[19] *Koch*, 203 F.3d at 1222 (citations omitted).

[20] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

[21] *Davey*, 301 F.3d at 1210-11.

excuse his obligation to comply with the fundamental rules of procedure.[22] The Scheduling Order required that any motions to join additional parties or otherwise amend the pleadings were to be filed by February 2, 2009.[23] On February 4, 2009, the Court granted plaintiff a ten-day extension to file an amended complaint.[24] Plaintiff failed to do so. The Pretrial Order, entered on July 10, 2009, provided no additional time for amendments to the pleadings.[25] Nevertheless, plaintiff filed his motions to amend on October 7 and November 10, 2009, more than eight months after the set deadline had passed. All discovery was to be completed by April 16, 2009.[26] Plaintiff filed his motions six months after the close of discovery. Thus, any facts supporting plaintiff's claims against Citibank should have been discovered long before the present time. Amendment is proper if the moving party shows that "the facts on which it bases its motion did not exist or could not be synthesized before" the pretrial order deadline by the exercise of diligence.[27] Under these circumstances, the Court concludes that whatever injustice plaintiff might suffer is due to plaintiff's failure to carefully and timely consider the claims he could assert, the damages he could claim, and the parties subject to liability.[28] Furthermore, the Court

---

[22]*Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1229 (D. Kan. 2002) ("[T]he fact that plaintiff is proceeding pro se does not excuse his noncompliance with every litigant's duty to comply with the fundamental rules of procedure.").

[23](Doc. 20 at 2.)

[24](Doc. 23.)

[25](Doc. 46 at 12.)

[26]*Id.*

[27]*Masek Distrib., Inc. v. First State Bank & Trust*, 908 F. Supp. 856, 858 (D. Kan. 1995).

[28]*See Guang Dong Lightgear Factory Co., Ltd. v. ACE Int'l, Inc.*, No. 03-4165-JAR, 2007 WL 2461610, at *2 (D. Kan. Aug. 22, 2007) (denying motion to amend complaint where pretrial order had been entered, plaintiff was aware of factual basis upon which claim for punitive damages would be justified, and dispositive motions had been filed).

notes that plaintiff was previously given an opportunity to amend his complaint, yet failed to do so.[29]

"[T]he timing of the motion in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise."[30] The trial in this matter was originally set to begin October 13, 2009, before Chief Judge Kathryn Vratil.[31] Judge Vratil recused herself, and the case was transferred to this Court. Although the trial is presently set on the Court's January 26, 2010 civil trial calendar, it was originally set to begin October 13, 2009. Plaintiff's motions to amend, however, were not filed until October 7, 2009, only a week before the original trial date. Dispositive motions were due May 18, 2009, and defendant has filed a motion for summary judgment on all claims and counterclaims included in the Pretrial Order. The motion was taken under advisement June 5, 2009. To allow plaintiff to add additional claims and damages at this late date would surprise and prejudice the defendant. It would deny defendant time to obtain discovery on plaintiff's new claims, sufficient time to prepare a defense, and any opportunity to file dispositive motions on plaintiff's new claims.

As previously discussed, the controlling document in this case is the Pretrial Order entered July 10, 2009, which did not extend the parties' original deadline for filing motions to amend the pleadings set forth in the Scheduling Order. The trial is nearly two months away and dispositive motions have already been filed that do not address plaintiff's new claims. Certainly, plaintiff's attempt to inject new issues, further damages, and additional defendants into this

---

[29](Doc. 23.)

[30]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-11 (10th Cir. 2002).

[31](Doc. 20 at 9.)

7

lawsuit at such a late date can fairly be characterized as both surprising and prejudicial.

"Closely related to the prejudice and surprise factor is whether the opposing party ha[s] the ability to cure any prejudice or surprise caused by the amendment."[32] Plaintiff's amendments, if allowed, would require the reopening of discovery and summary judgment briefing. The discovery deadline was April 16, 2009, and the dispositive motion deadline was May 18, 2009. Because plaintiff had both the time and the opportunity to move for amendment prior to the close of discovery as well as prior to the dispositive motion deadline, the Court believes that granting plaintiff's motion would serve only to encourage dilatory tactics. Including more damages, an additional defendant, and additional claims this late in the case would disrupt the orderly and efficient resolution of this case. The Court finds that denial of the motion for leave to amend will best further the goal of allowing all parties to fully and fairly litigate their claims.

Plaintiff has failed to provide the Court with adequate justification from which the Court could find that the amendments requested are necessary to prevent manifest injustice. Because plaintiff has failed to meet his burden, the motions for leave to amend are denied.

## II. Motion for Reconsideration of Sanctions

The Court construes plaintiff's Motion for Additional Damages Sustained[33] as an objection to Magistrate Judge Rushfelt's September 1, 2009 Order[34] imposing sanctions against plaintiff. The Court first notes that any objection to a magistrate judge's order on a

---

[32]*Davey*, 301 F.3d at 1211.

[33](Doc. 69.)

[34](Doc. 48.)

nondispositive matter must be filed "within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."[35] Plaintiff filed a Notice with the court on September 14, 2009, indicating that he paid the sanction to defense counsel.[36] Plaintiff did not file an objection until October 7, 2009, long after the prescribed deadline. Therefore, the Court finds his objections untimely.

Out of an abundance of caution, however, the Court will consider the merits. When reviewing a magistrate judge's order on a nondispositive pretrial matter, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[37] "The Court is required to affirm the magistrate's order unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[38]

Plaintiff states, "I (Plaintiff) am a paraplegic. Nevertheless, defense counsel [] took my deposition at my house. That in itself does not give Judge Rushfelt grounds to sanction the Plaintiff."[39] Federal Rule of Civil Procedure 37(d)(1)(A)(i) states that a court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's

---

[35]Fed. R. Civ. P. 72(a).

[36](Doc. 53.)

[37]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–61 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[38]*Wolters v. Estate of Conner*, No. 03-3251-KHV, 2006 WL 1064109, at *2 (D. Kan. Apr. 21, 2006) (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))); *see also T&W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 732 (D. Kan. 2002).

[39](Doc. 69 at 2.)

9

deposition." The court has various sanctions at its disposal.[40] Regardless of the sanction applied, however, the court "*must* require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[41]

Plaintiff was twice notified that his deposition would be taken on February 23, 2009.[42] Plaintiff failed to appear. The magistrate judge gave both parties an opportunity to file briefs on the issue of reasonable time, costs, and expenses incurred.[43] In the Order, the magistrate judge reviewed the evidence provided by defendant in its Motion for Sanctions[44] and concluded that plaintiff's failure to attend his deposition "was not substantially justified nor are there other circumstances that would make an award of expenses unjust" in this case.[45] In fact, the judge reviewed the correspondence between the two parties and concluded that plaintiff's failure to attend his deposition was "intentional and willful."[46]

Upon reviewing defendant's motion for sanctions and attached exhibits[47] and plaintiff's response,[48] this Court finds the magistrate judge's order is not "clearly erroneous or contrary to

---

[40]Fed. R. Civ. 37(b)(2)(A)(i)–(vi).

[41]Fed. R. Civ. P. 37(d)(3).

[42](Docs. 22, 24.)

[43](Doc. 30.)

[44](Docs. 25, 26.)

[45](Doc. 48 at 2.)

[46]*Id.*

[47](Docs. 25, 26.)

[48](Doc. 28.)

10

law."[49]  Defendant properly notified plaintiff of the deposition; and when plaintiff opposed the use of a video recorder at the deposition, defendant agreed to accommodate his request. However, plaintiff failed to appear at the deposition as scheduled without notifying defense counsel.  It was within the proper power of the magistrate judge to sanction the plaintiff for willful failure to attend his deposition.  In fact, the magistrate judge had at his disposal various other sanctions that might have been imposed, but he limited defendant's relief to reasonable expenses and attorneys fees.  Furthermore, Judge Rushfelt only granted part of the fees requested by defendant, reducing the amount of attorneys fees from $655 to $100.  The Court is not left with a firm conviction that a mistake has been made.[50]  Thus, plaintiff's objection to the magistrate judge's order is overruled and denied.

To whatever extent plaintiff's motion seeks sanctions to be imposed against defense counsel, his request is denied for failure to comply with Fed. R. Civ. P. 11(c)(2).[51]  To the extent he seeks sanctions against persons not a party to this case, such request is denied.  Furthermore, plaintiff has failed to show sanctions are warranted against defendant in this case.  If plaintiff seeks to bring a criminal action, the Court notes that he has not alleged facts demonstrating that he has a private right of action to prosecute defendant for its alleged crimes.[52]

---

[49]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–61 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[50]*Wolters v. Estate of Conner*, No. 03-3251-KHV, 2006 WL 1064109, at *2 (D. Kan. Apr. 21, 2006) (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))); *see also T&W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 732 (D. Kan. 2002).

[51]Fed. R. Civ. P. 11(c)(2) (safe harbor); *Alliantgroup, L.P. v. Feingold*, Case No. H-09-0479, 2009 WL 514058, at *6 (S.D. Tex. March 2, 2009).

[52]*See Lyon v. City of Sacramento*, Case No. CIV S-07-1875 LKK DAD PS, 2007 WL 4287798, at *3 (E.D. Cal. Dec. 6, 2007) (citing *Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (noting that enforcement of federal criminal statutes rests in the discretion of the Attorney General of the United States)).

**III.    Renewed Request for Mediation**

When plaintiff's filings are liberally construed, it appears he is renewing his request for mediation in this matter.[53] The deadline for mediation in this case was May 1, 2009.[54] The Pretrial Order was entered by the parties on July 10, 2009,[55] and recited all settlement efforts made by the parties. The Pretrial Order did not require any further mediation in this matter, as the parties stated that any "mediation or other method of alternative dispute resolution will be futile in this case."[56] Furthermore, on April 14, 2009, the Court relieved the parties of any obligation to mediate this case.[57] Defendant states that it specifically opposes mediation.[58] This case is on the eve of trial with a motion for summary judgment under advisement. The Court finds plaintiff's request untimely and futile. Thus, plaintiff's request for mediation is denied.

**IV.    Renewed Request to Move Trial Date**

On October 2, 2009, plaintiff filed a letter to the Court dated September 23, 2009.[59] The Court construes the letter as a renewed request to move the trial date from October 13–14, until some time after December 9, 2009. Plaintiff previously filed an identical letter on September 23,

---

[53](Doc. 69 at 3, Doc. 70.)

[54](Doc. 20.)

[55](Doc. 46.)

[56](Doc. 46 at 16.)

[57](Doc. 30 at 2.)

[58](Doc. 66.)

[59](Doc. 65.)

12

2009.[60]  The Court construed it as a motion to amend the trial date and found the motion moot,[61] as the trial date was already moved to the Court's January 26, 2010 civil trial calendar.  For the same reasons, the Court again finds plaintiff's Doc. 65 letter moot.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motions to amend (Docs. 67, 68, 75) are **DENIED**, plaintiff's motion for reconsideration (Doc. 69) is **OVERRULED and DENIED**, plaintiff's renewed request for mediation (Doc. 70) is **DENIED**, and plaintiff's request to move the trial date (Doc. 65) is **MOOT**.

**IT IS SO ORDERED.**

Dated:  December 8, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[60](Doc. 58.)

[61](Doc. 59.)